Opinion delivered May 1, 1889.

No. 6326.

FRED LIDTKE *v.* THE STATE.

1. FALSE PACKING AND SELLING FALSELY PACKED MERCHANDISE.— Article 470 of the Penal Code denounces as guilty of a criminal offense any person who with intent to defraud shall put into any vessel or package containing merchandise or other commodity usually sold by weight, *any article whatever* of less value than the merchandise with which said vessel or package is apparently filled, or any person who, with intent to defraud, shall sell or barter, or give in payment, or expose to sale, or ship for exportation, any such vessel or package of merchandise or other commodity with any such article of inferior *value* concealed therein. Article 471 of the Penal Code denounces as guilty of a criminal offense any person who shall, with intent to deceive and defraud, conceal within any vessel or package containing merchandise or other commodity, any merchandise or commodity of a *quality* inferior to that with which such vessel or package is apparently filled, or any substance of less value, etc. The distinction between the two offenses, construed in connection with each other, is that, whereas the latter offense may be committed by concealing in the vessel or package

either like merchandise of inferior quality or any substance of less value, the former offense can be committed only by putting into the vessel or package a substance different in character and of less value than that with which the vessel or package is apparently filled; and whereas, it is an offense under article 470 to fraudulently offer for sale the falsely packed vessel or package, the offering for sale under the latter article is not an offense. The indictment in this case is formulated under article 470, and charges the *sale* of four bales of cotton falsely packed with cotton of inferior quality to that with which they were apparently filled. *Held*, that the indictment charges no offense against the law.

2. SAME—EVIDENCE.—If the words "any article whatever," as used in article 470, could, when said article is construed in connection with article 471, be held to include an inferior quality of merchandise of the same kind as that with which the vessel or package is apparently filled, then, before a conviction could be had, it would devolve upon the State to prove that the accused, with respect to said vessel or package, acted with a guilty knowledge. See the opinion for a statement of the proof in this case *held* insufficient for this purpose.

APPEAL from the County Court of Williamson. Tried below before T. B. Cochran, Esq., Special Judge.

The opinion discloses the nature of the case. The penalty assessed against the appellant was a fine of twenty-five dollars.

*J. W. Parker*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Appellant is charged by the indictment with unlawfully, with intent to defraud, exposing to sale, and that he did sell, barter and give in payment to J. W. Womack, J. P. Sturgis and F. L. Welch, comprising the firm of Womack, Sturgis & Co., four bales of cotton, containing merchandise, and a commodity usually sold by weight, to wit: cotton, into which said bales had been put and concealed therein an article and grade of cotton of less value than the merchandise and commodity with which said bales were then and there apparently filled, to wit: with a quality of cheap inferior cotton, the same being so packed as to conceal the said inferior and lower grade cotton, the said Lidtke then and there knowing that the said cotton of inferior value had been put and concealed in said bales.

The cause was tried by the judge without a jury. The learned

judge found that the accused was guilty of "falsely packing
merchandise as charged in the indictment," and adjudged ap-
pellant guilty of said offense, assessing the punishment at a fine
of twenty-five dollars.

Appellant is not charged with falsely packing merchandise.
He is charged with selling four bales of cotton which he knew
were falsely packed with inferior cotton to that with which the
bales were apparently filled.

But let us concede that the court intended to find him guilty
of selling the four bales so falsely packed—that we should
make this inference from that part of the finding which adds
"as charged in the indictment." The question then arises as
to the sufficiency of the evidence to establish the guilty knowl-
edge of appellant. Do the facts show with reasonable cer-
tainty that appellant knew that the bales were so packed?

Conceding that there was cotton packed in the bales of infe-
rior grade to that with which they were apparently filled, still
the evidence in the case clearly shows that this might have
occurred purely from accident and without the knowledge of
appellant or any other person.

Again, admitting that the bales were so packed, there is no
testimony showing with reasonable certainty that appellant
was aware of the fact. It is true that when asked by Womack
if the cotton averaged the same throughout, he said it did with
the exception of two bales, which contained some five or six
hundred pounds which was gathered after the rain and was a
little dirty. Now, the proof does not show that there was a
greater number of pounds of inferior cotton placed in the bales
than six hundred. Guilty knowledge is inferred from the fact
that appellant stated that the inferior cotton was placed in but
two bales. In this appellant was mistaken, and, under the
evidence in this record bearing upon the method of ginning
and packing cotton, this mistake was quite natural. We are
of the opinion that guilty knowledge is not shown.

Again, appellant is charged with selling, bartering and giv-
ing in payment four bales of cotton falsely packed with *infe-
rior cotton* to that with which the bales were apparently filled.
The indictment is evidently drawn under article 470, Penal
Code. This article prohibits the placing or the putting into
any hogshead, cask, bale, etc., "containing merchandise or
other commodity usually sold by weight, *any article whatever*
of *less value* than the merchandise with which such bale, etc.,

is apparently filled." It also prohibits the sale with intent to defraud of any such bale, etc.

Standing alone, we might construe this article so as to em_ brace merchandise or commodities of inferior grade or quality to that with which the bale was apparently filled. But, when construed in connection with article 471, merchandise or commodities of inferior grade or quality are clearly not embraced within the provisions of article 470. "Inferior quality" evidently means that the merchanise or commodity is the same as that with which the bale is apparently filled, but inferior in quality. This is rendered certain by the fact that the punishment is different.

To illustrate. A conceals damaged cotton in a bale which is apparently filled with good cotton. This is prohibited by article 471, but not by article 470. This being so, there is no law punishing the sale of a bale of cotton so packed, though the seller knew the condition of the bale when he sold, and intended to defraud.

If one, with intent to defraud, conceals an inferior quality of cotton, that is, cotton inferior in quality to that with which the bale is apparently filled, he should be indicted under article 471.

Because there is no law punishing the sale of a bale of cotton packed with an inferior quality of cotton, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*